# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROOR INTERNATIONAL BV, and**
**SREAM, INC.,**

             **Plaintiffs,**

v.                                                     **Case No: 6:18-cv-1733-Orl-37GJK**

**S & T TOBACCO INTERNATIONAL,**
**INC. and SAID LYAM,**

             **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT FINAL JUDGMENT AGAINST S & T TOBACCO INTERNATIONAL, INC., AND SAID LYAM (Doc. No. 16)** |
| **FILED:** | **May 22, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND.**

On October 15, 2018, Plaintiffs filed a Complaint against Defendants seeking injunctive relief and damages for willful trademark infringement, counterfeiting, and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* Doc. No. 1. Plaintiff RooR International, Inc. ("RooR") is the registered owner of the "RooR" trademark ("RooR mark").[1] Doc. No. 1 at 2. Plaintiff Sream, Inc. ("Sream") is the exclusive United States licensee

---

[1] RooR branded products include high end borosilicate jointed-glass water pipes, parts, and accessories. Doc. No. 1

authorized to use the RooR mark and has been granted authority by RooR to police and enforce the RooR mark within the United States.  Doc. Nos. 1 at 2; 1-3.  Plaintiffs allege Defendants violated 15 U.S.C. §§ 1114, 1116(d), and 1125(a).  Doc. No. 1.

Plaintiffs allege that Defendants have been selling water pipes with the RooR mark at a large discount and that the water pipes are counterfeit products which bear the RooR mark.  Doc. Nos. 1 at 7-10; 1-5.  Plaintiffs allege that Defendants' actions are willful trademark infringement and are likely to cause confusion or mistake in the minds of the public.  Doc. No. 1 at 12-13.  Plaintiffs allege that the continued sale of these counterfeit water pipes has caused and will continue to cause irreparable harm and damages to Plaintiffs.  Doc. No. 1 at 10.  Plaintiffs allege lost profits that are unquantifiable and seek statutory damages in addition to injunctive relief.  Doc. No. 1 at 14.  With respect to their false designation claim, 15 U.S.C. § 1125(a), Plaintiffs allege they have no adequate remedy at law.  Doc. No. 1 at 17.

Defendants were served on October 25, 2018.  Doc. Nos. 10 and 11.  Defendant Said Lyam was served both personally and as the registered agent of Defendant S & T Tobacco International, Inc.  Doc. Nos. 10 and 11.  On February 21, 2019, Plaintiffs filed a motion for entry of Clerk's default.  Doc. No. 23.  On February 22, 2019, Clerk's defaults were filed against Defendants.  Doc. Nos. 14 and 15.  On May 22, 2019, Plaintiffs filed a motion for default final judgment against Defendants (the "Motion").  Doc. No. 16.  Plaintiffs seek statutory damages of $15,000, costs of $826.77, and a permanent injunction against Defendants.  Doc. No. 16.

## II.  STANDARD OF REVIEW.

When a party against whom a judgment for affirmative relief is sought fails to plead or

---

at 3.  RooR is a leading company in the design and manufacture of smokers' products recognized for its high quality.  Doc. No. 1 at 3.  RooR owns U.S. Trademark Registration Numbers 2,235,638; 2,307,176; and 3,675,839 for the word mark "RooR."  Doc. Nos. 1 at 4; 1-1; 1-2.

otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Federal Rule of Civil Procedure Rule 55(b)(2) provides the Court with the authority to enter a default judgment. "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing *Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

**III.   ANALYSIS.**

A.   <u>Counterfeiting and Trademark Infringement</u>

Plaintiffs seek to hold Defendants liable for willful trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1116(d)[3] due to Defendants' counterfeit use of Plaintiffs' trademarks. Doc. Nos. 1, 16. Under the Lanham Act, a defendant is liable for infringement if he uses in commerce any "reproduction, counterfeit, copy, or colorable imitation of a registered mark which is likely to

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

[3] Section 1116(d) permits *ex parte* application for injunctive relief for the seizure of goods and counterfeit marks involved in the violation and the means of making such marks and records documenting the manufacture, sale or receipt of things involved in the violation. *Id.* § 1116(d)(1)(A).

cause confusion, or to cause mistake, or to deceive" without consent.  *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (internal quotations omitted).  In order to prevail on the trademark infringement claim, Plaintiffs must establish: 1) that they had a valid trademark; and 2) that Defendants adopted an identical or similar mark such that consumers would likely confuse the two.  *Id.*; *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000).

Plaintiffs allege that they have a valid trademark.  Doc. Nos. 1; 1-1; 1-2.  Plaintiffs also allege that Defendants have used that mark without consent, sold counterfeit goods bearing that mark, and that the sale of the counterfeit product would likely confuse consumers.  Doc. No. 1.  Plaintiffs have provided photographs of the counterfeit product and a copy of the mark in question as exhibits to their Complaint.  Doc. Nos. 1, 1-2, 1-5.  Plaintiffs have alleged Defendants' actions were willful.  Doc. No. 1.

Based on the well-pled allegations of Plaintiffs' Complaint, the Court finds the Plaintiffs have sufficiently alleged a claim for willful trademark infringement against Defendants.

   B. <u>False Designation</u>

Plaintiffs seek to hold Defendants liable for false designation of origin and unfair competition.  Doc. No. 1 at 15-17.  15 U.S.C. § 1125(a)(1) provides that:

> Any person who, on or in connection with any goods or services . . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which  . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

"To establish a prima facie case . . . 'a plaintiff must show (1) that the plaintiff had enforceable  . . . rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that

consumers were likely to confuse the two.'" *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011) (citing *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007)).  Based on Plaintiffs' allegations which are taken as true, the Court finds that Plaintiffs have established they have enforceable rights in the RooR mark and that Defendants engaged in an unauthorized use of that mark "such that consumers were likely to confuse the two." *Id.*

### C. Permanent Injunction

While Plaintiffs' Motion does not substantively address the injunctive relief requested in their Complaint, Plaintiffs do request that the Court enter an attached proposed default judgment that includes a permanent injunction against Defendants.. Doc. Nos. 16 at 1; 16-1.  A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).  The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of success."  *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law.  15 U.S.C. § 1116(a).  In trademark infringement actions, injunctive relief is often appropriate because: 1) "there is no adequate remedy at law to redress infringement and [2)] infringement <u>by its nature</u> causes irreparable harm."  *Tally-Ho, Inc. v. Coast Cmty. Coll.*

*Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (emphasis added) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)). Further, courts have generally recognized that in such cases, the public interest is "paramount." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991). Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation." *Id.* (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

Here, based on the well-pled allegations of their Complaint and the accompanying affidavit, Plaintiffs have established that Defendants' actions, by their nature, cause irreparable harm to Plaintiffs and that they have no adequate remedy at law. Doc. Nos. 1; 16; 16-1. The Court finds that permanent injunctive relief is appropriate here and recommends granting the permanent injunction as requested in the proposed order.

### D. Statutory Damages

Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $15,000. Doc. No. 16 at 7. Section 1117(c) provides that in cases involving the use of a counterfeit mark in connection with a sale, offering or distribution, the plaintiff "may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages [of] . . . not less than $1,000 and not more than $200,000 per counterfeit mark per type of good or services sold. . . ." If the use is willful, a plaintiff make seek not more than $2,000,000. *Id.* A trademark infringement is "willful" when "the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright." *Sream, Inc. v. ASAT Inc.*, No. 18-14258, 2019 U.S. Dist. LEXIS 62535, at *10 (S.D. Fla. Apr. 11, 2019) (quoting *Petmed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213,

1220 (S.D. Fla. 2004)) (internal quotation marks omitted).  The Court has wide discretion to determine the amount of statutory damages.  *Petmed Express, Inc.*, 336 F. Supp. 2d at 1219.

Here, Plaintiffs seek an award of $15,000.  Doc. Nos. 1, 16 at 8.  Plaintiffs argue that this amount "not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal messages to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands."  Doc. No. 16 at 8.   Plaintiffs have offered the affidavit of Sream's owner, Jarir Faraj, in support of their requested statutory damages.  Doc. No. 16-4.  Mr. Faraj states that Sream's total sales dropped over 35% in 2016 due to the presence of counterfeit products in the marketplace and that the sale of counterfeit RooR products has almost devasted the marketplace.  Doc. No. 16-3 at 3.

Plaintiffs have alleged that Defendants' infringement was willful and that Defendants used the RooR mark to cause consumers to believe they were purchasing authentic RooR products.  Doc. No. 1.  Plaintiffs have attested to actual damages due to this willful infringement. Doc. No. 16-3.  Based upon a review of the entire record, the Court finds that an award of $15,000 is reasonable and just pursuant to 15 U.S.C. § 1117(c) and recommends Plaintiffs be awarded damages in that amount.

### E.     Destruction of Infringing Articles

Plaintiffs request that this Court enter a proposed order that includes a direction to Defendants to deliver any infringing materials to Plaintiffs.  Doc. No. 16 at 1.  However, Plaintiffs' Motion is silent as to the relief they seek pursuant to 15 U.S.C. § 1118.  Doc. No. 16-1.  Given that Plaintiffs have requested that the Court enter the order which provides for relief under 15 U.S.C. § 1118, the Court will consider Plaintiffs' request.  *See Sream, Inc.*, 2019 U.S. Dist. LEXIS 62535, at *14.  Section 1118 provides that:

> In any action arising under this chapter, in which violation of any right of the registrant of a mark registered in the Patent and Trademark office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

Accordingly, having found that Defendants violated 15 U.S.C. § 1125(a), the Court finds that Plaintiffs are entitled to the relief requested pursuant to section 1118.

### F.   Costs

Plaintiffs request costs in the amount of $826.77 for filing fees, service fees, and investigation costs. Doc. Nos. 16 at 2, 16-2 at 2. Under 15 U.S.C. § 1117, Plaintiffs may recover the costs of the action. The costs of the action are generally those recoverable under 28 U.S.C. § 1920. *Sream, Inc. v. Rayhan & Aayan Corp.*, No. 18-22507-Civ, 2018 U.S. Dist. LEXIS 201472, at *10 (S.D. Fla. Nov. 27, 2018). The Court finds Plaintiffs are entitled to recover the $400 filing fee and the process server fee of $195.00 as those costs are recoverable under section 1920. 28 U.S.C. § 1920. However, Plaintiffs' investigation costs of $231.77 are not otherwise recoverable under 28 U.S.C. § 1920. *Rib City Grp., Inc. v. RCC Rest. Corp.*, No. 2:09-cv-827, 2010 U.S. Dist. LEXIS 125107, at *8 (M.D. Fla. Nov. 16, 2010). Plaintiff offers no legal basis upon which to award their investigation costs. Doc. No. 16 at 9.

### G.   Retention of Jurisdiction

Plaintiffs' proposed order provides that the Court will retain jurisdiction over any matter pertaining to this judgment. Doc. No. 16-1 at 2. The Court has the discretion to retain jurisdiction,

and given the grant of permanent injunctive relief, the Court finds retention of jurisdiction is proper in this instance. *See Specs GmbH v. Specs Sci. Instruments, Inc.*, No. 8:12-cv-429, 2013 U.S. Dist. LEXIS 71742, at *5-6 (M.D. Fla. May 21, 2013).

Therefore, it is **RECOMMENDED** that the Motion (Doc. No. 16) be **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiffs' proposed "Order and Judgment," Doc. No. 16-3, should be entered by the Court with one modification: the following language "Defendants shall be liable to Plaintiffs in the amount of $15,826.77 (comprising statutory damages of $15,000 and costs of $826.77)" should be amended to read "Defendants shall be liable to Plaintiffs in the amount of $15,595.00 (comprising statutory damages of $15,000 and costs of $595.00)"; and

2. The Motion is otherwise **DENIED.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on June 27, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 10 -

Counsel of Record
Unrepresented Parties

- 10 -