UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SREAM, INC., and**
**ROOR INTERNATIONAL BV,**

        **Plaintiffs,**

v.                              Case No:   6:18-cv-1733-Orl-37GJK

**S&T TOBACCO**
**INTERNATIONAL, INC.; and**
**SAID LYAM,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **RENEWED MOTION FOR ORDER TO SHOW CAUSE (Doc. No. 22)**
>
> **FILED:**     **August 17, 2020**
>
> ---
>
> **THEREON** it is **RECOMMENDED that the motion be GRANTED in part** and **DENIED in part.**

On July 1, 2020, a Subpoena Duces Tecum issued by Plaintiffs was served on Defendant Said Lyam (the "Subpoena"), setting his deposition in aid of execution for July 31, 2020. Doc. No. 22 at ¶¶ 4, 5; Doc. No. 22-1 at 1. The Affidavit of Service states that the Subpoena was served on Yarie Vidal and that Lyam

agreed via telephone that Vidal could accept service. Doc. No. 22-1 at 1. Lyam failed to appear at the deposition and a Certificate of Non-Appearance was issued. Doc. No. 22 at ¶ 6; Doc. No. 22-2. On August 17, 2020, Plaintiffs filed a motion to hold Lyam in contempt for failing to appear at his deposition and to award them their attorney's fees and costs in pursuing this relief (the "Motion"). Doc. No. 22 at 3.

A magistrate judge's limited contempt powers are set forth in 28 U.S.C. § 636(e). This is not a civil consent case or a misdemeanor case, and the act of contempt was not committed in the undersigned's presence. Therefore, this Report and Recommendation on the Motion is issued.

Lyam's failure to comply with the subpoena duces tecum and appear at the deposition is an act of contempt. Federal Rule of Civil Procedure 45(g) provides that a district court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), if a magistrate judge finds that certain acts constitute civil contempt, "the magistrate [judge] shall forthwith certify the facts to a district judge . . ." who may issue an order to show cause upon any person whose behavior is brought into question under Section 636(e)(6)(B), and the district judge may hold an evidentiary hearing to determine whether that person should be adjudged in contempt by reason of the facts certified. Therefore, it is certified that the facts

detailed above warrant an order to show cause for an evidentiary hearing to determine whether Lyam should be held in civil contempt. Based on the evidence presented at that hearing, the Court can determine what actions, if any, are warranted.

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 22, be **GRANTED in part and DENIED in part** as follows:

1. That the Court issue an order to show cause to Lyam and hold an evidentiary hearing to determine whether he should be adjudged in contempt by reason of the facts certified above;

2. That the Court determine what additional actions, if any, are warranted; and

3. That, otherwise, the Motion be **DENIED**.

4. **Plaintiffs shall immediately serve a copy of the Report and Recommendation on Lyam.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the

- 4 -

Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 11, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties